IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOOJAS INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>BLUE SHIELD OF CALIFORNIA LIFE AND HEALTH INSURANCE COMPANY,<br><br>        Defendant. | Case No. 22-cv-03267-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE** |

Before the Court is defendant Blue Shield of California Life and Health Insurance Company's ("Blue Shield") Motion, filed August 5, 2022, "to Dismiss Plaintiff's Original Class Action Complaint," whereby defendant seeks, <u>inter alia</u>, an order dismissing each of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Saloojas Inc. ("Saloojas") has filed opposition, to which Blue Shield has replied. The Court having read and considered the parties' respective written submissions, the motion, as set forth below, will be granted.[1]

By its complaint, Saloojas brings six claims for relief, each identified by a Roman numeral. The Court addresses the claims in the sequence alleged.

**Motion to Dismiss**

  (a) Claim I, titled "Violation of the FFCRA and the CARES Act," is subject to dismissal, for the reason that, as the overwhelming majority of district courts to have addressed the issue have found, neither § 6001 of the Families First Coronavirus Response Act

---

[1] By order filed September 19, 2022, the court took the matter under submission.

("FFCRA"), Pub. L. 116-127, 134 Stat. 178 (2020), nor § 3202 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020), creates a private right of action. See, e.g., Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co., 2022 WL 743088, at *6 (D. Conn. Mar. 11, 2022) (concluding, given absence of "clear indication of congressional intent, . . . neither § 6001 of the FFCRA nor § 3202 of the CARES Act contains a private right of action.") (internal quotation and citation omitted); see also, e.g., Saloojas, Inc. v. Aetna Health of California, Inc., 2022 WL 2267786, at *5 (N.D. Cal. June 23, 2022) (holding "[t]he CARES Act does not provide an implied private right of action for Plaintiff to seek reimbursement of its posted cash price"); Betancourt v. Total Prop. Mgmt., 2022 WL 2359286, at *3 (E.D. Cal. June 30, 2022) (finding "the CARES Act provides no private right of action"); Horvath v. JP Morgan Chase & Company, 2022 WL 80474, at *5 (S.D. Cal. Jan. 7, 2022) (finding "[p]laintiff does not have a cause of action under the CARES Act."); Am. Video Duplicating, Inc. v. City Nat'l Bank, 2020 WL 6882735, at *4 (C.D. Cal. Nov. 20, 2020) (noting "every court[2] to address whether the CARES Act created an implied private right of action has held that it does not.").

(b) Claim II, titled "Violation of Section 501(a)(1)(B) of ERISA," is subject to dismissal for the reason that Saloojas lacks standing to state a claim under ERISA. See DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, 852 F.3d 868, 878 (9th Cir. 2017) (holding healthcare providers "are not 'beneficiaries' . . . authorized to bring their claims in federal court under ERISA."). Although "[a] health care provider may have derivative standing to pursue ERISA benefits if he or she was assigned the right to reimbursement by an ERISA plan beneficiary," see Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110, 1128 (C.D. Cal. 2015), Saloojas's conclusory allegations

---

[2] Subsequent to American Video, a single decision finding an implied right of action was filed. See Diagnostic Affiliates of Ne. Nous., LLC v. United Healthcare Servs. Inc., 2022 WL 214101 (S.D. Tex. Jan. 18, 2022). The Court has considered said decision and is not persuaded by its reasoning.

in that regard (see Compl. ¶65 (alleging "[m]any members of [Blue Shield] plans…executed assignment of benefits documents")) are unavailing, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted). Moreover, although "the terms 'assign' or 'assignment'" need not be used, see DB Healthcare, 852 F.3d at 876, the document Saloojas submits with its opposition (see Opp'n at 16:26-17:10 & Exhibit 4)[3] does not suffice to constitute an assignment, see DB Healthcare, 852 F.3d at 876 (requiring "words that fairly indicate an intention to make the assignee owner of a claim") (internal quotation and citation omitted); see also Advanced Women's Health Ctr., Inc. v. Anthem Blue Cross Life & Health Ins. Co., 2014 WL 3689284, at *4 (E.D. Cal. July 23, 2014), aff'd sub nom. DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc., 852 F.3d 868 (9th Cir. 2017) (holding "assignment must be express and knowing") (internal quotation and citation omitted).

    (c) Claim III, titled "Violation of 18 U.S.C. Section 1962(c) (RICO)," is subject to dismissal for the reason that Saloojas fails to allege facts sufficient to support a finding that Blue Shield engaged in racketeering activity.  To the extent the claim is predicated on mail and/or wire fraud allegations, Saloojas fails to "state with particularity the circumstances constituting fraud or mistake[,]"  see Fed. R. Civ. P. 9(b); see also Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (holding Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations"), and to the extent the claim is predicated on embezzlement, Saloojas fails to plead facts showing how a failure to pay a plan benefit can be deemed an embezzlement, see United States v. Andreen, 628 F.2d 1236, 1241 (9th Cir. 1980) (noting "the essence of the crime is theft").

---

[3] The Court has considered the above-cited exhibit solely as relevant to potential amendment.  See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197-201 n.1 (9th Cir. 1998) (noting court, in determining motion under Rule 12(b)(6), "may not look beyond the complaint to…memorandum in opposition").

3

(d) Claim IV, titled "Promissory Estoppel (Non-ERISA)," is subject to dismissal for the reason that Saloojas fails to plead facts identifying any promise by Blue Shield, let alone a "clear and unambiguous" promise, see Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111, 1130 (N.D. Cal. 2009), to reimburse Saloojas for the full amount of Covid-19 testing prices, and Saloojas cites no authority supporting its contention that past payment can be construed as a promise of future payment.

(e) Claim V, titled "Injunctive Relief (Non-ERISA)," is, as pleaded, derivative of Claim I through Claim IV and, consequently, is, for the reasons stated above, subject to dismissal. Moreover, injunctive relief is not an independent cause of action, but, rather, a remedy. See Ajetunmobi v. Clarion Mortg. Cap., Inc., 595 F. App'x 680, 684 (9th Cir. 2014) (citing Roberts v. L.A. Cnty. Bar Ass'n, 129 Cal.Rptr.2d, 546, 555 (2003)).

(f) Claim VI, titled "Unlawful, Unfair and Fraudulent Business Acts and Practices" and brought under § 17200 of the California Business & Professions Code, is, as pleaded, derivative of Claim I through Claim IV and, consequently, is, for the reasons stated above, subject to dismissal.

**Leave to Amend**

The Court will afford Saloojas leave to amend Claims III, IV, and VI, to cure, if it can do so, the deficiencies identified above.

### CONCLUSION

For the reasons stated, Blue Shield's motion to dismiss is hereby GRANTED, with leave to amend Claims III, IV, and VI. Saloojas's amended complaint, if any, shall be filed no later than October 25, 2022. Saloojas may not, however, add any new claims or defendants without obtaining leave of court.

**IT IS SO ORDERED.**

Dated: 10/3/2022

MAXINE M. CHESNEY
United States District Judge