IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOOJAS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE SHIELD OF CALIFORNIA LIFE AND HEALTH INSURANCE COMPANY,<br><br>    Defendant. | Case No. 22-cv-03267-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND STRIKE** |

    Before the Court is defendant Blue Shield of California Life and Health Insurance Company's ("Blue Shield") motion, filed November 21, 2022, "to Dismiss Plaintiff's Amended Class Action Complaint," by which Blue Shield seeks an order dismissing all claims in plaintiff Saloojas, Inc.'s ("Saloojas") Amended Complaint ("AC"), pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, and, in the alternative, striking portions of said complaint, pursuant to Rule 12(f). Saloojas has filed opposition, to which Blue Shield has replied. The Court having read and considered the parties' respective written submissions, the motion, as set forth below, will be granted.[1]

    Saloojas filed its original complaint on July 12, 2022, which pleading contained six claims for relief. By order filed October 3, 2022, the Court dismissed without leave to amend Claim I, titled "Violation of the FFCRA and the CARES Act," Claim II, titled "Violation of Section 501(a)(1)(B) of ERISA," and Claim V, titled "Injunctive Relief (Non-ERISA)," and dismissed with leave to amend Claim III, titled "Violation of 18 U.S.C.

---

[1] By order filed December 16, 2022, the court took the matter under submission.

Section 1962(c) (RICO)," Claim IV, titled "Promissory Estoppel (Non-ERISA)," and Claim VI, titled "Unlawful, Unfair, and Fraudulent Business Acts and Practices." (See Order Granting Defendant's Motion to Dismiss (hereinafter, "October 3 Order").) The Court further ordered Saloojas to "not . . . add any new claims . . . without obtaining leave of court." (See October 3 Order at 4:22-23.)

In the AC, Saloojas brings four claims for relief, each again identified by a Roman numeral.[2]

### A. Claim I

Claim I, titled "Violation of Section 501(a)(1)(B) of ERISA," is hereby stricken, for the reason that the Court previously dismissed said claim without leave to amend. (See October 3 Order at 2:17-3:13; 4:17); see also Stiles v. Wal-Mart Stores, Inc., 2018 WL 3093501, at *5 (E.D. Cal. June 20, 2018) (noting "the great weight of authority in this circuit indicates that it is both proper and desirable to strike realleged claims that were previously dismissed with prejudice"; further noting "allowing [p]laintiff to replead dismissed claims does nothing but waste the time and resources of both [d]efendants and the Court, who must continuously parse out viable claims from dismissed-but-replead claims"). Moreover, the claim, as now pleaded in the AC, remains deficient for the reasons stated in the Court's prior order.

### B. Claim II

Claim II, titled "Insurance Bad Faith and Fraud," is hereby stricken, for the reason that said new claim exceeds the scope of the leave granted by the Court in its October 3 Order. (See October 3 Order at 4:22-23 (holding "Saloojas may not . . . add any new claims . . . without obtaining leave of court")); see also Benton v. Baker Hughes, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013), aff'd, 623 Fed. App'x 888 (9th Cir. 2015)

---

[2] Saloojas filed an amended complaint on October 24, 2022 (see Dkt. No. 28), and thereafter filed two "corrected" versions of said pleading on October 26, 2022 (see Dkt. Nos. 29, 30). Blue Shield's motion addresses the latter of the two "corrected" filings, which the Court likewise understands to be the operative pleading.

2

(holding, where amended pleading "exceeds the scope of the leave to amend granted, . . . it is appropriate to strike the newly added claims on [such] basis") (collecting cases); Fed. R. Civ. P. 15(a)(2) (providing "a party may amend its pleading only with the opposing party's written consent or the court's leave").

The Court notes, moreover, that even if the claim did not exceed the scope of the leave previously granted, it nonetheless would be subject to dismissal, on the ground that it fails to state a claim. In particular, to the extent the claim is based on insurance bad faith liability, Saloojas has failed to identify any policy under which it is an insured, or that it has been assigned the rights of an insured under any policy. See Major v. W. Home Ins. Co., 169 Cal. App. 4th 1197, 1209 (2009) (noting "to establish . . . insurer's bad faith liability, the insured must show that the insurer has . . . withheld benefits due under the policy" (internal quotation and citation omitted)); see also Gulf Ins. Co. v. TIG Ins. Co., 86 Cal. App. 4th 422, 430 (2001) (holding "[c]laims for bad faith violation of an insurance contract are strictly tied to an implied covenant of good faith and fair dealing, which arises out of an underlying contractual relationship" (internal quotation and citation omitted)).[3] To the extent the claim is based on fraud, Saloojas fails to identify any "false representation," see Engalla v. Permanente Med. Group, Inc., 15 Cal.4th 951, 974 (1997), let alone "state with particularity the circumstances constituting fraud[,]" see Fed. R. Civ. P. 9(b); Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (holding Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" (internal quotation and citation omitted)).

**C. Claim III**

Claim III, titled "Unlawful, Unfair and Fraudulent Business Acts and Practices" and

---

[3] Although Saloojas alleges the "Covid 19 Consent" form attached to the AC "acts as an assignment giving [Saloojas] the right to submit the claims to Blue Shield for payment on [insureds'] behalf for the Covid testing services rendered to them" (see AC ¶ 42), the Court, in its prior order, has found said document "does not suffice to constitute an assignment" of benefits under a Blue Shield policy (see October 3 Order at 3:5-13).

3

brought under § 17200 of the California Business & Professions Code ("UCL"), is, as discussed below, subject to dismissal for the reason that Saloojas fails to allege facts sufficient to state a claim under any prong of the UCL.

As to the "unlawful" prong, to the extent the claim is predicated on Blue Shield's alleged violation of § 3202 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020) (see FAC ¶ 80), Saloojas fails to plead facts establishing that it listed a cash price for Covid-19 testing on a public website, see § 3202(a)(2), 134 Stat. at 367 (providing plans "shall reimburse the provider [of Covid-19 diagnostic testing] in an amount that equals the cash price for such service as listed by the provider on a public internet website"), and to the extent the claim is predicated on California Health & Safety Code § 1342.2, Saloojas has not pleaded any facts to support its conclusory allegation that Blue Shield "failed to reasonably reimburse [Saloojas] in accordance with Section 1342" (see AC ¶¶ 13, 80); see Cal. Health & Safety Code § 1342.2(a)(4) (providing plans "shall reimburse [out-of-network providers] for all testing items or services in an amount that is reasonable, as determined in comparison to prevailing market rates"); see also Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (2007) (dismissing UCL claim brought under "unlawful" prong; finding complaint "fail[ed] to plead facts to support its allegations that [defendant] ha[d] violated . . . [predicate] statutes").

To the extent the claim is predicated on the "unfair" prong, Saloojas essentially reiterates the standard for unfairness under the UCL, without further elaboration beyond a general reference to the preceding paragraphs of the AC, i.e., the allegations on which he bases Claims I through III.  (See FAC ¶ 84); see also McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008) (defining unfair business practice).  Those allegations, however, provide no better support at this juncture.

Lastly, to the extent the claim is predicated on the "fraudulent" prong, it fails for the reasons discussed in Section B, namely, Saloojas's failure to identify a fraudulent representation, let alone one that satisfies the heightened pleading requirements of Rule

9(b).  See Saloojas, Inc. v. Cigna Healthcare of Cal., Inc., 2022 WL 5265141, at *9 (N.D. Cal. Oct. 6, 2022) (holding "claims under the UCL are . . . subject to Federal Rule of Civil Procedure 9(b)'s pleading requirements").

**D. Claim IV**

Claim IV, titled "Violation of 18 U.S.C. Section 1962(c) (RICO)," is subject to dismissal for the reasons stated in the Court's October 3 Order, namely, that Saloojas fails to allege facts sufficient to support a finding that Blue Shield engaged in racketeering activity.  In that regard, to the extent the claim is again predicated on mail and/or wire fraud (see AC ¶¶ 93, 94), Saloojas fails to add facts sufficient to support a finding that Blue Shield has engaged in such conduct, and to the extent the claim is predicated on "embezzlement, theft, and conversion of self-funded health plan assets" (see AC ¶ 94), Saloojas fails to plead facts demonstrating how, nor has he cited to any authority holding, a failure to pay a plan benefit can give rise to any such claim, see United States v. Andreen, 628 F.2d 1236, 1241 (9th Cir. 1980) (noting "the essence of the crime [of embezzlement] is theft"); Haas v. Travelex Ins. Servs. Inc., 555 F. Supp. 3d 970, 982 (C.D. Cal. 2021) (noting "courts in the Ninth Circuit have not hesitated to dismiss claims for conversion when the claim amounted to no more than a demand for reimbursement of a payment").

## CONCLUSION

For the reasons stated, Claims I and II are hereby STRICKEN, and Claims III and IV are hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: January 6, 2023

MAXINE M. CHESNEY
United States District Judge